| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT FOR THE<br>EASTERN DISTRICT OF NEW YORK: BROOKLYN | tdd7297 |
| In re<br>   MARTIN, MAURICE ROY<br>                             Debtor | Case # 110-41553-608<br>CHAPTER 7<br>JUDGE<br>CARLA E. CRAIG |

**NOTICE OF MOTION FOR ORDER PURSUANT TO BANKRUPTCY RULE 9019(a) SEEKING THE ENTRY OF AN ORDER APPROVING THE STIPULATION OF SETTLEMENT BY AND BETWEEN THE TRUSTEE AND THE DEBTOR RESOLVING CERTAIN CLAIMS OF THE TRUSTEE AND EXTENDING TRUSTEE'S TIME TO OBJECT TO DEBTOR'S DISCHARGE**

      **PLEASE TAKE NOTICE**, that on June 17, 2010 at 11:30 a.m. or as soon thereafter as counsel may be heard, a hearing (the "Hearing") will be held before the Honorable CARLA E. CRAIG, United States Bankruptcy Judge, at the United States Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, New York, 11201 (the "Court"), upon the motion (the "Motion") of David J. Doyaga, Sr., Esq., the Chapter 7 Trustee (the "Trustee") of the estate of the above captioned debtor (the "Debtor"), by his attorneys, Doyaga & Schaefer, for the entry of an Order approving the stipulation of settlement by and between the Trustee and the Debtor resolving certain claims of the Trustee, and for such other, further and different relief as the Court may deem just and proper. Specifically, the Stipulation provides for the payment of $10,000 (the Settlement Sum") **by the Debtor** in settlement of the trustee's claims and causes of action that arise from the pre-petition transfer of certain property by the Debtor; the Stipulation provides for the payment of the Settlement Sum over a period of 20 months. The Stipulation also extends Trustee time to object to Debtor's discharge January 31, 2012.

      **PLEASE TAKE FURTHER NOTICE**, that objections ("Objections") to the relief requested in the Motion, if any, must be in writing, conform with the Bankruptcy Code and Rules, state with particularity the grounds therefore, and be filed with the Court, with a courtesy copy to the Chambers of the Honorable CARLA E. CRAIG, and served so as to be received by Doyaga & Schaefer, at the address listed below no later than three days preceding the original return date.

      **PLEASE TAKE FURTHER NOTICE,** that the Hearing may be adjourned from time to time without further notice other than the announcement of such adjournment in open Court.

      **PLEASE TAKE FURTHER NOTICE**, that the complete copy of this application including the Stipulation and Exhibits is being served on (a) the Office of the United States Trustee, and (b) Debtor's Counsel, and is on file with the United States Bankruptcy Court at the same address written above and may be examined at the Clerk's office during its business hours. Only the Notice of Motion is being served to all creditors and debtor.

Dated: Brooklyn, New York
       May 11, 2010                                         Doyaga & Schaefer
                                                               Attorneys for Chapter 7 Trustee
                                                                By: s/ David J. Doyaga, Sr.
                                                                David J. Doyaga, Esq.
                                                                26 Court Street, Suite 1002
                                                                Brooklyn, NY 11242
                                                                (718) 488-7500

\\Server\global\Trustee Practice\AAA Alpahbetical listing of cases\M-R\MARTIN, MAURICE ROY\Motion to Approve Stip. 5.11.10.wpd

UNITED STATES BANKRUPTCY COURT FOR THE  tdd7297
EASTERN DISTRICT OF NEW YORK: BROOKLYN

In re  
MARTIN, MAURICE ROY  
                Debtor

**Case # 110-41553-608**  
**CHAPTER 7**  
**JUDGE**  
**CARLA E. CRAIG**

**MOTION PURSUANT TO BANKRUPTCY RULE 9019(A) SEEKING THE ENTRY OF AN ORDER APPROVING THE STIPULATION OF SETTLEMENT BY AND BETWEEN THE TRUSTEE AND THE DEBTOR RESOLVING CERTAIN CLAIMS OF THE TRUSTEE** AND EXTENDING TRUSTEE'S TIME TO OBJECT TO DEBTOR'S DISCHARGE

To:    Honorable CARLA E. CRAIG  
        United States Bankruptcy Judge

        David J. Doyaga, Sr., Esq., the Chapter 7 Trustee of the estate of the above captioned debtor (the "Debtor"), by his counsel Doyaga & Schaefer, hereby seeks approval of the Stipulation of Settlement (the "Stipulation"), annexed hereto as Exhibit 1, between the Trustee and the Debtor settling certain claims of the Trustee, respectfully sets forth and represents the following:

## BACKGROUND

       1. On February 25, 2010 (the "Filing Date") the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York.

       2. By Notice of Appointment David J. Doyaga, Sr., Esq. was appointed the interim Chapter 7 Trustee (the "Trustee") of the estate, and has since qualified and is the duly acting and permanent Trustee in this case.

       3. On or about April 5, 2010, the Debtor was examined by the Trustee at the first 341 Meeting of Creditors. At the examination, the Debtor testified that pre-petition Debtor transferred funds ($18,000) to Dwayne Stephens (the "Transfer").

## TRUSTEE'S MOTION

       4. In an effort to settle the Trustee's claims, the Debtor has offered to resolve the Trustee's claims for $10, 000 (the "Settlement Sum").The settlement sum is in exchange for the Trustee's interest in the Transfer. The total sum shall be paid out over 20 months. The Trustee respectfully submits that the settlement of the Trustee's claims, in accordance with the Stipulation, is fair and reasonable in the best interests of all the creditors of this estate.

       5. For a more comprehensive explanation of the terms and conditions of the proposed settlement, all interested parties are encouraged to review the Stipulation. However, simply put, after subtracting anticipated legal fees to recover the full $18,000, a net Settlement of $10,000 is reasonable. Trustee also asks the Court to extend the deadline to object to January 31, 2012, the date

\\Server\global\Trustee Practice\AAA Alpahbetical listing of cases\M-R\MARTIN, MAURICE ROY\Motion to Approve Stip. 5.11.10.wpd

after the anticipated last payment is due under the Stipulation.

### BASIS FOR THE RELIEF REQUESTED

6. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Rules"), which governs the approval of compromises and settlements, provides as follows:

> On motion by the Trustee, and after a hearing on notice to creditors, the Debtors and indenture trustees as provided in Rule 2002(a), and to such other entities as the court may designate, the Court may approve a compromise or settlement.

See Rule 9019(a).

7. In approving the compromise and settlement, the Bankruptcy Court is required to make an "informed and independent judgment" as to whether the compromise and settlement is fair and equitable based on an:

> educated estimate of the complexity, expense and likely duration of [any] litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process, in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation.

Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-425, reh'g denied, 391 U.S. 909 (1968). See American Can Co. v. Herpel (In re Jackson Brewing Co.), 624 F.2d 605, 607 (5th Cir. 1980); Chopin Assoc. v. Smith (In re Holywell Corp.), 93 B.R. 291, 294 (Bankr.S.D.Fla. 1988); In re Arrow Air, Inc., 85 B.R. 886, 891 (Bankr. S.D. Fla, 1988); In re Bell & Beckwith , 77 B.R. 606, 611 (Bankr.N.D.Ohio), aff'd, 87 B.R. 472 (N.D. Ohio 1987); Cf. Magill v. Springfield Marine Bank (In re Hessinger Resources Ltd.), 67 B.R. 378, 383 (C.D. III. 1986) ("the law favors compromise").

8. In making its determination, the Court should consider whether the proposed compromise is in the "best interest of the estate". Depo v. Chase Lincoln First Bank, N.A. (In re Depo), 77 B.R. 381, 383 (N.D.N.Y. 1987), aff'd, 863 F.2d 45 (2d Cir. 1988).

9. As stated in Arrow Air, the "approval of [a] proposed compromise and settlement is a matter of this Court's sound direction". Arrow Air, 85 B.R. at 891. In passing upon a proposed settlement, "the bankruptcy court does not substitute its judgment for that of the Trustee [or debtor in possession]". Depo, 77 B.R. at 384 (citations omitted). Nor is the bankruptcy court "to decide the numerous questions of law and fact raised by [objectors] but rather to canvas the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir), cert denied, 464 U.S. 822 (1983) (quoting Newman v. Stein, 464 F.2d 689, 693 (2d Cir), cert denied, 409 U.S. 1039 (1972)). See Holywell 93 B.R. at 294. ("In order to exercise this discretion properly, the Court must consider all the relevant facts and evaluate whether the compromise suggested fall below the 'lowest point in the range of reasonableness'") (quoting In re Teltronics Services, Inc., 762 F.2d. 185, 189 (2d Cir. 1985). In passing upon the reasonableness of a proposed compromise, the Court "may give weight

to the opinions of the Trustee [or debtor in possession], the parties and their counsel." <u>Bell & Beckwith</u>, 77 B.R. at 512.

  10. The factors to be considered by the Court in determining whether to approve a compromise or settlement include:

  (1)  probability of success in litigation, with due consideration for the uncertainty in fact and law;

  (2)  the complexity and likely duration of the litigation and any attendant expense inconvenience and delay; and

  (3)  all other factors bearing on the wisdom of the compromise.

<u>Arrow Air</u>, 85 B.R. at 891 (citing <u>TMT Trailer Ferry</u>, 390 U.S. at 424-25). <u>See Jackson Brewing Co.</u>, 624 F.2d at 507; <u>Holywell Corp.</u>; 93 B.R. at 294-95 (citation omitted).

  11. Accordingly, the Trustee submits that a settlement of this matter, as set forth in the annexed Stipulation, is in the best interests of the creditors of this estate.

  12. The Trustee respectfully submits that the settlement satisfies each of the criteria outlined by the Court in the <u>TMT Trailer Ferry, Arrow Air, Jackson Brewing, and Holywell</u> cases. Accordingly, and based on the foregoing, the Trustee respectfully requests that the Court authorize and approve the Stipulation.

  13. It is respectfully requested that the obligation to prepare and file an accompanying memorandum of law pursuant to Local Bankruptcy Rule 9013-1(b) be dispensed with and waived at this time due to he fact that there are no novel issues of law to be otherwise addressed and that Bankruptcy Rule 9019 has been generally briefed within the body of the Motion.

  14. The Trustee shall serve the entire Motion, with exhibits attached, by regular mail upon: (a) the Office of the United States Trustee; (b) Debtor's counsel. Only the Notice of Motion is being served upon: (a) any party in interest that has served upon Doyaga & Schaefer a request for special notice or a notice of appearance pursuant to Rule 2002; (b) Debtor and (c) all the Debtor's creditors. The complete copy of this application including the Stipulation and Exhibits is on file with the United States Bankruptcy Court at the same address written above and may be examined at the Clerk's office during its business hours.

  15. Based upon the foregoing, the Trustee respectfully requests that the Court grant the relief requested herein.

  16. No prior application for the relief sought herein has been made to this or any other Court.

  **WHEREFORE**, for the reasons stated above, the Trustee respectfully requests that the Court grant the relief requested herein, and for such other, further and different relief as this Court deems just and proper.

Dated: Brooklyn, New York
  May 11, 2010

\\Server\global\Trustee Practice\AAA Alpahbetical listing of cases\M-R\MARTIN, MAURICE ROY\Motion to Approve Stip. 5.11.10.wpd

Doyaga & Schaefer
Attorneys for the Chapter 7 Trustee
By:    S/David J. Doyaga, Sr.
David J. Doyaga, Sr.,Esq.
26 Court Street, Suite 1002
Brooklyn, NY 11242
(718) 488-7500

\\Server\global\Trustee Practice\AAA Alpahbetical listing of cases\M-R\MARTIN, MAURICE ROY\Motion to Approve Stip. 5.11.10.wpd